■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CROTHERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered May 12, 1988, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of marihuana in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The evidence adduced by the prosecution tended to establish that the defendant sold certain narcotic substances to an undercover officer while inside the office of a car service located at 110-53 Sutphin Boulevard. However, the defense produced witnesses who testified that they were with the defendant at a nearby grocery store when, without apparent cause, the defendant was arrested by police officers. Another defense witness testified that she witnessed several police officers arrest two men outside of the grocery store.

The prosecutor, during cross-examination of the latter defense witness, repeatedly called upon her to confirm or deny the truth of various assertions made by the defendant during the course of his *Wade/Mapp* hearing testimony. The prosecutor was attempting, in effect, *either* to impeach this witness' credibility by revealing to the jury the conflicts between her testimony and the defendant's hearing testimony, *or,* as is more likely, to destroy the defendant's credibility (even though he did not testify at trial) by revealing to the jury that his pretrial hearing testimony conflicted with that of his own witness. The use of the defendant's pretrial hearing testimony in this way not only violated the rules of evidence (since the defendant's hearing testimony did not contain admissions), but also violated the rule of constitutional law announced in *Simmons v United States* (390 US 377, 394 *[Mapp* hearing testimony of defendant not admissible as proof of guilt]).

We consider this error to be of sufficient magnitude under the circumstances of this case to warrant reversal in the exercise of our interest of justice jurisdiction. Mangano, P. J., Thompson, Bracken and Rubin, JJ., concur.